Samuel Rabin, J.
This is an article 78 proceeding brought by a landlord to review and thereupon to annul the determination of the respondent fixing the maximum rent of an apartment.
This apartment became vacant on October 21, 1955. Four days later, the landlord and a prospective tenant executed an application to increase the maximum rent of $37.95 per month by the sum of $9.50 for new equipment, or a total of $47.45, occupancy to commence on October 27, 1955. This application was received by the respondent on October 26, 1955 and an order adjusting the maximum rent to the agreed price of $47.45 was issued on November 15, 1955.
On November 16, 1955, the respondent received a “ Landlord’s Report of Lease ” signed on November 14, 1955 by the landlord and the prospective tenant, who had originally executed the foregoing application for increase of the maximum rent. This report of lease stated that the tenant first took occupancy on October 27, 1955; that the maximum rent in effect immediately prior to the execution of the lease on October 31, 1955 was $47.45 per month and that the rent provided in the lease was $54.50 per month.
Subsequently, proceedings commenced by the respondent resulted in an order dated November 29, 1956 which stated, in part, that “ after consideration of all the evidence in the record and upon the grounds stated in section 36 of the Regulation determines that the rent on November 1, 1955 was $53.15 per month.” After protest by the landlord, the State Rent Administrator substantially affirmed the local rent administrator.
The only question presented in this proceeding concerns the method of computing “ maximum rent” under the facts and circumstances here involved. Petitioner claims that it may compute the 15% on the basis of the total of the old “ maximum rent ” plus the amount allowed as an increase for the new equipment; in other words, since the old maximum rent was $37.95 and the total of the new equipment $9.50, the 15% had to be computed on the basis of $47.45 per month, resulting in the rental of $54.50 per month reserved in the lease.
The position of the respondent is, however, that the 15% increase may be based only on the $37.95 per month rental paid by the tenant who vacated the apartment and which was the old “ maximum rent ” and to that must be added the $9.50 for the increased services and equipment.
This court is of the opinion that the petitioner has failed to demonstrate that the respondent’s determination in the premises was illegal or in any way unreasonable, arbitrary or *54 discriminatory. That determination appears to be consistent with the intent of the statute which expressly declares that a state of emergency, with respect to housing, still exists. Mindful of the latitude and discretion which the Legislature has vested in the respondent, it would be improvident for this court to substitute its judgment for that of the administrative agency.
The petition is accordingly dismissed on the merits and the determination of the respondent confirmed, without costs.
Submit order.